**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
KEITH B. WILSON,

                          Plaintiff,

        -against-

MERCURY CASUALTY COMPANY, DONNA
ARFMANN, SUZANNE CHAPMAN, VITO NETTIS,

                          Defendants.

------------------------------------------------------------x

18-CV-11014 (AT) (OTW)

**OPINION & ORDER**

**ONA T. WANG, United States Magistrate Judge:**

**I.**    **Introduction**

Plaintiff Keith B. Wilson ("Plaintiff") brought this action against Defendants Mercury Casualty Company, Donna Arfmann, Suzanne Chapman, and Vito Nettis for overtime pay-related claims under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). Before this Court is Defendants' Motion to Compel Arbitration and Stay Litigation. (ECF 19). For the following reasons, Defendants' motion is GRANTED.[1]

---

[1] Although there is a lack of consensus among district courts, the Court is convinced that a motion to compel arbitration is non-dispositive and therefore properly before the undersigned for a decision under 28 U.S.C. §636(b)(1)(A) and Federal Rule of Civil Procedure 72(a). *See Marcus v. Collins*, No. 16-CV-4221 (GBD) (BCM), 2016 WL 8201629, at *1 n.1 (S.D.N.Y. Dec. 30, 2016) (noting number of "well-reasoned" cases supporting magistrate judge authority to decide motion to compel arbitration); *see also Patton v. Johnson*, 915 F.3d 827, 832 (1st Cir. 2019) (finding magistrate judge should have issued decision on motion to compel arbitration rather than report and recommendation); *Virgin Islands Water & Power Auth. v. Gen. Elec. Int'l Inc.*, 561 Fed. Appx. 131, 134 (3d Cir. 2014) (concluding decision on motion to compel arbitration "does not dispose of the case" but merely "suspend[s] the litigation"); *Zouras v. Goldman Sachs Grp., Inc.*, No. 02-CV-9249 (BSJ) (GWG), 2003 WL 21997745, at *1 (S.D.N.Y. Aug. 22, 2003) (concluding that motion to compel arbitration is non-dispositive); *Herko v. Metro. Life Ins. Co.*, 978 Fed. Supp. 141, 142 n.1 (W.D.N.Y. 1997) (deciding Article III power not exercised until district court affirms or vacates arbitrator's decision).

II. **Background**

Plaintiff worked as an insurance claims examiner for Mercury Insurance Services, LLC[2] ("Mercury") from 2004 through 2016. Complaint ("Compl.") ¶¶ 10-11. Plaintiff alleges that from 2012 to 2016, Mercury required Plaintiff to work over eighty hours per week without being paid overtime. Compl. ¶¶ 42-43. After Plaintiff repeatedly complained to his supervisors Vito Nettis and Suzanne Chapman[3] that the lack of overtime pay violated labor laws, Mercury allegedly terminated Plaintiff's employment in April 2016 out of retaliation. Compl. ¶¶ 46-47.

In conjunction with his separation from Mercury, Plaintiff signed a "Confidential Separation Agreement and General Release" ("Release Agreement") on June 2, 2016. Declaration of Heidi Sullivan ("Sullivan Decl."), Ex. A (ECF 21-1). In the Release Agreement, Plaintiff agreed to accept $31,174.66 and medical insurance contributions in exchange for releasing any claims against Mercury related to his employment there. *Id*. ¶¶ 3-5. In addition to the release, the Release Agreement also contained an arbitration clause, which stated:

> This Agreement will be interpreted, enforced and governed by and under the laws of the State of New York. Any dispute regarding the validity or terms of this Agreement or any aspects of Employee's employment with the Company, including termination, or any other dispute between these parties shall be resolved by an arbitrator selected in accordance with the employment arbitration rules of the Judicial Arbitration and Mediation Services ("JAMS"), or such other arbitration service to which Employee and Company may agree, as the exclusive remedy for any such dispute, and in lieu of any court action, which is hereby waived. The only exception to this promise to arbitrate is a claim by either party for injunctive relief pending arbitration. The arbitration will be held in the city in which Employee last worked, unless the parties agree otherwise.

---

[2] Although Plaintiff named Mercury Casualty Company as the corporate defendant, Defendants clarify, and Plaintiff acknowledges, that the correct name of Plaintiff's employer is Mercury Insurance Services, LLC. (ECF 21 ¶ 3; ECF 24 at 6 n.1).

[3] It is unclear what role Defendant Donna Arfmann plays in this dispute, as Plaintiff does not allege any specific conduct by Ms. Arfmann other than that she was a manager at Mercury. Compl. ¶ 14.

2

Sullivan Decl., Ex. A ¶ 12 (ECF 21-1).

On October 12, 2018, Plaintiff filed suit against Defendants in New York Supreme Court seeking damages under the FLSA and NYLL for unpaid overtime, failure to provide wage notices, and retaliatory termination. (ECF 1-1). Defendants Mercury Casualty Company and Donna Arfmann[4] subsequently removed the case to the District Court for the Southern District of New York on the basis of federal question jurisdiction due to the existence of the FLSA claims. (ECF 1). Defendants now move for an order compelling arbitration and staying the litigation, invoking the arbitration clause found in Plaintiff's Release Agreement. (ECF 19).

### III. **Legal Standard**

The FAA governs any "contract evidencing a transaction involving commerce." 9 U.S.C. § 2. It is "beyond dispute that the FAA was designed to promote arbitration," such that it has been described by the Supreme Court as "a national policy favoring arbitration." *AT&T Mobility, LLC v. Concepcion*, 563 U.S. 333, 345-46 (2011) (quoting *Buckeye Check Cashing, Inc. v. Cardenga*, 546 U.S. 440, 443 (2006)); *see also Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983) ("any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration").

An arbitration agreement is "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Before enforcing an arbitration agreement, the Court must find that the parties mutually consented to arbitration. In making that determination, the court shall look at (1) whether the arbitration

---

[4] The other individual Defendants, Suzanne Chapman and Vito Nettis, did not initially join in the removal because they allegedly were not yet served in the state court action. (ECF 1 ¶ 7). Defendants Chapman and Nettis subsequently filed their consent to removal after the case was removed. (ECF 17).

3

agreement is binding on the parties, and (2) whether the dispute between the parties "falls within the scope of the arbitration agreement." *Specht v. Netscape Commc'ns Corp.*, 306 F.3d 17, 26 (2d Cir. 2002). If federal statutory claims are included, as in this action, the Court must also consider "whether Congress intended those claims to be nonarbitrable." *Guyden v. Aetna, Inc.*, 544 F.3d 376, 382 (2d Cir. 2008). Although the FAA governs issues of arbitrability, e.g., whether a question should be resolved by the Court or the arbitrator, state contract law should be applied to issues of contract formation. *Johnston v. Electrum Partners LLC*, No. 17-CV-7823 (KPF), 2018 WL 3094918, at *5 (S.D.N.Y. June 21, 2018). In making this determination, the Court should consider "all relevant, admissible evidence submitted by the parties." *Meyer v. Uber Tech., Inc.*, 868 F.3d 66, 73-74 (2d Cir. 2017). As with a summary judgment motion, reasonable inferences are to be drawn in favor of the non-movant. *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 229 (2d Cir. 2016).

The Supreme Court has repeatedly held that "unless the challenge is to the arbitration clause itself, the issue of the contract's validity is considered by the arbitrator in the first instance." *Buckeye Check Cashing*, 546 U.S. at 445-46. "This arbitration law applies in state as well as federal courts." *Id*. at 446.

IV. **Discussion**

   a. **Arbitrability of Dispute**

Plaintiff fails to show, nor does he attempt to show, that the arbitration agreement itself is invalid. The party moving for arbitration must make a "prima facie initial showing that an agreement to arbitrate existed." *Hines v. Overstock.com, Inc.*, 380 Fed. Appx. 22, 24 (2d Cir. 2010). Once the agreement is shown, the party opposing arbitration bears the burden of

showing that the arbitration agreement is either invalid or inapplicable. *Harrington v. Atl. Sounding Co., Inc.*, 602 F.3d 113, 124 (2d Cir. 2010).

The parties do not dispute that the arbitration agreement was properly formed, i.e., that Plaintiff gave his assent to the agreement or that Plaintiff was on notice of the arbitration clause. The Release Agreement was signed by Plaintiff, Sullivan Decl., Ex. A at 4 (ECF 21-1), which creates a presumption that the signatory consented to the contract's terms. *See Gold v. Deutsche Aktiengesellschaft*, 365 F.3d 144, 149 (2d Cir. 2004) (citing *Metzger v. Aetna Ins. Co.*, 125 N.E. 814, 816 (N.Y. 1920)).[5]

Nor do the parties dispute that the nature of this litigation falls within the purview of arbitrable issues articulated in the signed arbitration agreement. The arbitration agreement covers "[a]ny dispute regarding the validity or terms of this Agreement or any aspects of Employee's employment with the Company, including termination." Sullivan Decl., Ex. A ¶ 12 (ECF 21-1). Because this action stems from a dispute regarding Plaintiff's employment, namely his paid wages and alleged retaliatory termination, Plaintiff's claims clearly fall within the scope of the arbitration agreement. *See* Compl. ¶¶ 2-4.

Again, the parties do not dispute that FLSA claims can be arbitrable. *See* ECF 24 at 7 (agreeing that courts have found FLSA and NYLL claims to be arbitrable); *see also Patterson v. Raymours Furniture Co., Inc.,* 96 F.Supp.3d 71, 81 (S.D.N.Y. 2015) (granting motion to compel

---

[5] Pursuant to the Release Agreement's choice-of-law provision, interpretation of the contract shall be governed by New York law. Sullivan Decl., Ex. A ¶ 12 (ECF 21-1). Considering that Plaintiff resided in New York during the time of his employment and signing of the Release Agreement, Compl. ¶ 11, the only other possible option would be California law, the location where Mercury is located. (ECF 21 ¶ 2). Neither party raises the choice-of-law issue, perhaps because "New York and California apply 'substantially similar rules for determining whether the parties have mutually assented,'" and the Court does not find that the difference in state laws changes the analysis of contract formation here. *See Meyer*, 868 F.3d at 74.

5

arbitration of FLSA and NYLL claims); *Sinnett v. Friendly Ice Cream Corp.*, 319 F.Supp.2d 439, 445 (S.D.N.Y. 2004) (finding FLSA claims may be adjudicated in arbitration). Accordingly, the Court finds, in the absence of opposition from either party, that a valid arbitration agreement applies to Plaintiff's claims.

The only dispute is to the validity of the Release Agreement itself. (ECF 24). Plaintiff's entire argument is that the parties' failure to receive approval from either the Court or the Department of Labor invalidates the Release Agreement as a whole. *Id*. at 6. Plaintiff reasons that because the Release Agreement is unenforceable, "this would logically include the challenged arbitration clause contained in the Agreement." (ECF 24 at 8). Indeed, Plaintiff admits that the arbitration clause on its own would "concededly be enforceable" but for the fact that it is included in an "invalid separation contract." *Id*. at 9.

As discussed above, a valid arbitration provision is severable from the remainder of a disputed contract. *Buckeye Check Cashing*, 546 U.S. at 445. Contrary to Plaintiff's assertion, the Supreme Court has been clear that challenges to the contract as a whole "do[] not prevent a court from enforcing a specific agreement to arbitrate," even when the arbitration agreement is contained in the disputed contract. *See Rent-A-Center, West, Inc. v. Jackson*, 561 U.S. 63, 70 (2010). Rather, a court will only intervene where the challenge is "directed specifically to the agreement to arbitrate" rather than on a "ground that directly affects the entire agreement." *Id*. at 70-71. Because Defendants have shown the existence of a valid arbitration agreement and Plaintiff only contests the validity of the Release Agreement, the arbitration clause must be enforced, leaving to the arbitrator the issue of whether the Release Agreement needed to be approved. *See, e.g., Denson v. Trump for President, Inc.,* No. 18-CV-2690 (JMF), 2018 WL

6

4568430, at *1 (S.D.N.Y. Aug. 30, 2018) (enforcing arbitration clause where party challenged employment agreement as void); *Aretakis v. First Fin. Equity Corp.*, No. 17-CV-6012 (KBF), 2017 WL 4539328, at *3 (S.D.N.Y. Oct. 10, 2017) (enforcing arbitration clause where party alleged entire Customer Agreement was unconscionable); *Rubin v. Sona Int'l Corp.*, 457 F.Supp.2d 191, 196 (S.D.N.Y. 2006) (dismissing to arbitration where party challenged legality of entire Franchise Agreement).

### b. **Agreement's Application to Defendants**

Although Mercury Casualty Company and the individual Defendants are not signatories to the Release Agreement, Plaintiff does not question Defendants' right to invoke the arbitration agreement as non-signatories. (*See* ECF 24). Even if Plaintiff did raise the argument, such a defense would be unavailing. *See Ross v. Am. Express Co.*, 478 F.3d 96, 99 (2d Cir. 2007) (recognizing contract law principles permit non-signatories to enforce agreements).

As employees of a signatory, the individual Defendants may enforce the arbitration agreement.[6] "Courts in this and other circuits have held that employees or disclosed agents of an entity that is a party to an arbitration agreement are protected by that agreement." *Roby v. Corp. of Lloyd's*, 996 F.2d 1353, 1360 (2d Cir. 1993); *see also Covina 2000 Ventures Corp. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, No. 06-CV-15497 (DLC), 2007 WL 2154186, at *1 (S.D.N.Y. July 26, 2007) (permitting former employee of signatory to enforce arbitration agreement).

---

[6] Because no party argued for the application of a particular law to govern the question of non-signatories, the Court will apply federal law. *See Ragone v. Atlantic Video at Manhattan Center*, No. 07-CV-6084 (JGK), 2008 WL 4058480, at *3 (S.D.N.Y. Aug. 29, 2008) (finding implicit consent to federal law of arbitrability where neither party expresses preference).

7

Similarly, Defendant Mercury Casualty Company may invoke the arbitration agreement under the doctrine of equitable estoppel. Courts have held that a signatory is estopped from avoiding arbitration where the non-signatory is so related to the signatories that the "issues the nonsignatory is seeking to resolve in arbitration are intertwined with the agreement that the estopped party has signed." *JLM Indus., Inc. v. Stolt-Nielsen SA*, 387 F.3d 163, 177 (2d Cir. 2004). Signatory Mercury Insurance Services, LLC employs the personnel, such as Plaintiff, who handle Defendant Mercury Casualty Company's claims. Sullivan Decl. ¶ 3 (ECF 21). Because Plaintiff is bringing claims against his employer, the claims against Defendant Mercury Casualty Company are essentially claims against Mercury Insurance Services, LLC. Therefore, the arbitration agreement may be enforced by Defendant Mercury Casualty Company.

### V. **Stay of Litigation**

Defendants request a stay of the litigation pending arbitration. (ECF 19). The FAA authorizes the Court to issue such a stay where the dispute is "referable to arbitration under an agreement in writing" and the Court is satisfied that the dispute should be so referred. 9 U.S.C. § 3. The Second Circuit has gone farther and required that where all claims have been referred to arbitration, the Court <u>must</u> issue a stay of the litigation. *Katz v. Cellco P'ship*, 794 F.3d 341, 345 (2d Cir. 2015) ("We join those Circuits that consider a stay of proceedings necessary after all claims have been referred to arbitration and a stay requested."); *see also Maritima de Ecologia, S.A. de C.V. v. Sealion Shipping Ltd.*, No. 10-CV-8134 (DLC), 2011 WL 1465744, at *5 (S.D.N.Y. Apr. 15, 2011) (finding stay appropriate to avoid "duplication of discovery or issue resolution"). Accordingly, Defendants' request for a stay will be granted.

## VI. Conclusion

For the reasons discussed above, Defendants' Motion to Compel Arbitration is GRANTED, and the case is HEREBY STAYED pending the arbitration of Plaintiff's claims.

In light of the stay, Plaintiff's request for a discovery conference, ECF 34, is DENIED without prejudice.

The Clerk of Court is directed to close the open motion at ECF 19.

Dated: April 30, 2019
New York, New York

*s/ Ona T. Wang*
**Ona T. Wang**
United States Magistrate Judge